# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING BAHENA,<br><br>    Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01685-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 35) |

    Esmeling Bahena ("Plaintiff"), a state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983

    Currently before the Court is Defendants' motion to stay discovery and modify the discovery ands scheduling order, filed December 14, 2021. (ECF No. 35.) On this same day, Defendants filed an exhaustion-related motion for summary judgment. (ECF No. 36.)

## I.

## DISCUSSION

**A.    Motion to Stay Discovery**

    The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (*per curiam*); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause,

1

1  issue a protective order forbidding or limiting discovery. The avoidance of undue burden or
2  expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of
3  discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for
4  the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of
5  discovery pending resolution of immunity issue). The propriety of delaying discovery on the
6  merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly
7  recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (*en
8  banc*); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal.
9  Jan. 15, 2014).

10  The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment
11  on Plaintiff's claim if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166.
12  Thus, the pending exhaustion motion has the potential to bring final resolution to this action,
13  obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the
14  Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the
15  merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left
16  until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific
17  discovery to address issues raised in a dispositive motion, the non-moving party is entitled to
18  seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d
19  1108, 1115 n.7 (9th Cir. 2003), overruled on other grounds by Albino, 747 F.3d at 1168-69.
20  Here, Plaintiff has not opposed the stay of merits-based discovery and the time to do so has
21  passed. Therefore, Defendants are entitled to the discovery stay they seek.

22  Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having
23  been shown, Defendant's motion to stay all merits-related discovery pending resolution of her
24  exhaustion-based summary judgment motion shall be granted. Fed. R. Civ. P. 26(c); Albino, 747
25  F.3d at 1170-71.

**B.    Motion to Modify the Discover and Scheduling Order**

27  Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
28  with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

1 considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, 2 Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot 3 reasonably be met despite the diligence of the party seeking the extension." Id. If the party was 4 not diligent, the inquiry should end. Id.

5 Defendants argue good cause exists to vacate the discovery and dispositive motion 6 deadlines pending resolution of their exhaustion motion because  Defendants exercised due 7 diligence in bringing the motion for summary judgment and in bringing the instant motion well 8 before the close of discovery and in accordance with the extended exhaustion motion deadline. 9 (ECF No. 36.) And, Defendants are bringing the instant motion concurrently with their 10 exhaustion motion. Second, vacating these deadlines will avoid the expenditure of resources by 11 the parties in conducting discovery and filing motions concerning the merits of the case, tasks 12 which will be needless if the Court grants Defendants' exhaustion motion. Third, there is "'an 13 immediate and clear possibility'" that Defendants' motion for summary judgment concerning 14 exhaustion will dispose of the case in its entirety.

15 Having considered Defendants; request, the Court finds good cause to modify both the 16 discovery and dispositive motion deadlines. Defendants have been diligent in filing the 17 potentially dispositive exhaustion-based summary judgment motion, and it would be a waste of 18 the resources of the Court and the parties to require the parties to conduct potentially 19 unnecessary discovery or to file potentially unnecessary dispositive motions. Further, Plaintiff 20 will not be prejudiced by any modification, as the Court will reset the applicable deadlines, if 21 necessary, after Defendants' exhaustion-based summary judgment motion is decided.

## II.

## ORDER

24 Based on the foregoing, it is HEREBY ORDERED that:

25 1.  Defendant's motion to stay discovery, (ECF No. 35) is GRANTED, and all merits-
26 based discovery is stayed;

27 2. Defendant's motion to modify the September 10, 2021 discovery and scheduling order
28 is GRANTED;

3. The discovery and dispositive motion deadlines are VACATED;

4. If necessary, the Court will lift the stay on all merits-based discovery and reset the discovery and dispositive motion deadlines following the resolution of Defendants' pending exhaustion-based summary judgment motion.

IT IS SO ORDERED.

Dated:  **January 14, 2022**

UNITED STATES MAGISTRATE JUDGE